IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| AMERICAN INDOOR FOOTBALL ASSOCIATION, INC., ) ) ) Plaintiff, ) ) v. ) ) KELLY LOCKWOOD, ) individually, and NJ KINGS, ) LLC, a New Jersey Limited ) Liability Company, ) ) Defendants. ) | CIVIL ACTION NO. 2:09cv1037-MHT (WO) |

OPINION AND ORDER

Plaintiff American Indoor Football Association, Inc. (AIFA) filed this lawsuit against defendants Kelly Lockwood and NJ Kings, LLC, alleging breach of contract. The court's jurisdiction is proper under 28 U.S.C. § 1332 (diversity).

This lawsuit is before the court on two motions: (1) AIFA's motion for an extension of time to serve a summons and complaint on Lockwood, and (2) AIFA's motion to serve Lockwood by publication. For the reasons that follow, the

motion for an extension will be granted, but the motion to serve by publication will be denied.

## I.   BACKGROUND

A brief chronology of this lawsuit is warranted:

- November 10, 2009: AIFA filed its initial complaint against Lockwood and NJ Kings in this court.

- November 17: AIFA attempted to serve process on Lockwood and NJ Kings by certified mail.

- November 20: NJ Kings acknowledged receipt of the summons and complaint.[1]

- December 14: The summons and complaint intended for Lockwood was returned to the clerk of the court, and the following docket entry was made: "Mail Returned as

---

1. Documents attached to the complaint suggest that Lockwood is the owner of NJ Kings. Pl.'s Ex. A (Doc. No. 1-2); Pl.'s Ex. B (Doc. No. 1-3). These documents also indicate that Lockwood and NJ Kings share an attorney: Aaron Boyajian, Esq., Goetz Fitzpatrick, LLP, One Penn Plaza, New York, NY 101119. AIFA alleges that, "From [this], it may reasonably be concluded that [Lockwood] has knowledge of the pending action." Mot. at 3 (Doc. No. 9).

Undeliverable.  The Summons and Complaint mailed to Kelly Lockwood was returned with the following notation: Return to Sender-Unclaimed."

- December 16: AIFA filed its first amended complaint against all defendants.

- December 18: AIFA filed its second amended complaint against all defendants.

- January 6, 2010: An alias summons and second amended complaint were issued as to Lockwood and were provided to AIFA's counsel for personal service.

- January 11: AIFA hired DGR, a New Jersey process server, to effectuate service on Lockwood.

- January 12: DGR attempted to serve Lockwood at his residence.  The server noted: "No one will answer [the door].  T.V. was on inside the house."  Aff. at 1 (Doc. No. 9-2).

- January 13: DGR made two attempts to serve Lockwood at his residence.  Following the second attempt, the server noted: "No answer.  There is now a hand-made 'No

3

Trespassing' sign on the door. Could see someone inside watching T.V." Id.  The server further noted: "DGR has served at this house before[,] but never without incident. The last time was just last week where we served [Lockwood] through his daughter who was irate and called the police." Id.

- January 23: DGR made two attempts to serve Lockwood at his residence.

- January 24: DGR made a final attempt to serve Lockwood at his residence.

- February 23: AIFA arranged for another private process server to attempt to serve Lockwood.

- March 2: AIFA's counsel contacted the new server by email and was informed that the server had been unable to attempt service.

- March 6: "AIFA's counsel received [an] email communication [from the new] private process server [explaining] that due to scheduling conflicts and more than a foot of snow on the ground, server [did] not

4

attempt to serve Lockwood." Pl.'s Resp. to Order at 5 (Doc. No. 11).

- March 17: "AIFA's counsel checked [in] with the private process server again ... and was informed ... that no attempt had been made to serve Lockwood." Id.

- March 26: The summons and complaint intended for Lockwood were returned to AIFA's counsel by the new server.

- April 20: AIFA filed the instant motion for an extension of time to serve Lockwood.

- April 28: AIFA filed the instant motion to serve Lockwood by publication. Attached to the motion is an affidavit recounting the failed attempts to perfect service of process described above.

### III. DISCUSSION

A. Motion for an Extension of Time

A plaintiff must serve process on a defendant "within 120 days after the complaint is filed." Fed. R. Civ. P. 4(m). If the plaintiff fails to do so, "the court--on

5

motion or on its own after notice to the defendant--must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Id. Moreover, "if the plaintiff shows good cause for the failure [to serve], the court must extend the time for service for an appropriate period." Id.

For the purposes of Rule 4(m) of the Federal Rules of Civil Procedure, "Good cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted) (alteration in original). But, "[e]ven in the absence of good cause, a district court has the discretion to extend the time for service of process." Id. Indeed, "when a district court finds that a plaintiff fails to show good cause[,] ... the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Id. at 1282. "Only

6

after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." Id.

In this case, AIFA contends that its "failure to perfect service to this point is of no fault of [its own,] but due to ... Lockwood ... clearly avoiding service of process." Mot. at 3 (Doc. No. 9). AIFA argues that Lockwood's evasion of service constitutes good cause, and thus that the court "must extend the time for service by an appropriate period." Fed. R. Civ. P. 4(m). In the alternative, AIFA asks that the court exercise its discretion under Rule 4(m) and grant an extension.

The court need not determine whether AIFA has established "good cause," as it finds that "other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey, 476 F.3d at 1282. "[T]he Advisory Note to Rule 4(m) provide[s] some guidance as to what factors may justify the grant of an extension

7

of time absent a showing of good cause." Id. And, "the Committee [there] explained that '[r]elief may be justified, for example, ... if the defendant is evading service.'" Id. (quoting Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments) (emphasis added).[2]

Admittedly, the court is troubled by the fact that AIFA neglected to request an extension before the 120-day-time limit had expired. See Order (Doc. No. 10). However, the court is more deeply troubled by Lockwood's behavior. As detailed in the brief chronology above, there is compelling evidence that he has intentionally evaded AIFA's diligent efforts to perfect service. Moreover, there is good reason to believe that, despite his evasive efforts, he is well-aware of the complaint against him.[3] Thus, there is little reason to believe that

---

2. It is at least arguable that evasion of service is also the kind of "outside factor" required for a showing of good cause.

3. See supra n.1 (noting allegations that Lockwood
(continued...)

he will be prejudiced by an extension of the time-limit for service. For these reasons, the motion for an extension of time to serve Lockwood will be granted.

### B. Motion to Serve by Publication

Rule 4(e)(1) of the Federal Rules of Civil Procedure states, in part, that, "Unless federal law provides otherwise, an individual ... may be served ... by ... following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."[4] In this case, AIFA

---

(...continued)
is the owner of the previously served NJ Kings and evidence that the two defendants share an attorney).

4. Fed. R. Civ. P. 4(e) provides in full that:

> "Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(continued...)

9

moves for service by publication pursuant to Rule 4.3 of the Alabama Rules of Civil Procedure.[5]

Where a plaintiff brings a legal claim, as in this case, Ala. R. Civ. P. 4.3(a)(2) limits service by publication to "a defendant who avoids service of process

---

(...continued)
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

5. Although Fed. R. Civ. P. 4(e)(1) permits service pursuant to the law "where service is made," AIFA has not asked this court to consider its motion under New Jersey law.

as described in subdivision (c) of this rule." Subdivision (c) states, in pertinent part, that, "When a defendant avoids service <u>and</u> that defendant's present location or residence is unknown <u>and</u> ... the return receipt shows a failure of service, the court may, on motion, order service to be made by publication." Ala. R. Civ. P. 4.3(c) (emphasis added). Thus, three things "must be shown in order to justify an order authorizing service by publication: (1) that the ... defendant has avoided service; (2) that the present location or residence of the ... defendant is unknown; and (3) that the process server has failed to serve the ... defendant." <u>Beasley v. United States</u>, 162 F.R.D. 700, 701 (M.D. Ala. 1995) (Albritton, J.); <u>see</u> <u>also</u> <u>Thomas v. Morgan</u>, 1 F. Supp. 2d 1424, 1425 (M.D. Ala. 1998) (Albritton, J.) ("[S]ervice by publication is permitted where a ... defendant has avoided service <u>and</u> cannot be located.") (emphasis added).[6]

---

6. The word "resident" is purposefully omitted from the <u>Beasley</u> and <u>Thomas</u> quotations. Prior to August 1,
(continued...)

There is no question that the process server has tried and failed to serve Lockwood. Moreover, and as discussed in the previous section of this opinion, the facts of this case strongly support the conclusion that Lockwood is avoiding service.[7] However, there is no indication that his present location or residence is unknown. To the contrary, all the evidence before the court suggests that AIFA knows exactly where he is located and residing.

To be sure, Ala. R. Civ. P. 4.3(b) provides that, "When the residence of a defendant is known and the action is one in which service by publication is permitted,

---

(...continued)
2004, Rule 4.3 applied only to residents of Alabama, but the rule has since been amended so as to extend its reach to nonresident defendants. See Williams v. Williams, 910 So. 2d 1284, 1287 (Ala. Civ. App. 2005) ("Rule 4.3, Ala. R. Civ. P., was amended, effective August 1, 2004, so as to permit service by publication upon nonresident defendants who have avoided personal service." (citing Ala. R. Civ. P. 4.3, Committee Comments to Amendment to Rule 4.3 effective August 1, 2004)).

7. As required by Ala. R. Civ. P. 4.3(d)(1), AIFA has also attached to its motion an affidavit "averring facts showing ... avoidance."

service by process must first be attempted by one of the methods of service other than publication as is provided by Rule 4." There is no indication, however, that this provision is intended to over-ride Rule 4.3(c)'s explicit requirement that, where a legal claim is asserted, service by publication is permitted only if "the defendant's present location or residence is unknown." See also Ala. R. Civ. P. 4.3(a)(2) ("In no event shall an in personam judgment be entered on service by publication except as provided in subdivision (c) of this rule.").

While the court might find service by publication appropriate in these circumstances, it cannot ignore the plain language of Ala. R. Civ. P. 4.3(c); nor, where notice of suit is involved, will the court construe the rule in favor of the plaintiff.[8] As the motion for

---

    8. In addition to the plain language of the rule, the committee comments also suggest that an inability to locate is a pre-requisite for service by publication. See Ala. R. Civ. P. 4.3(c), Committee Comments (noting "that more than the mere inability to find the defendant is required because of the use of the term 'avoidance' of
(continued...)

publication was filed pursuant to Alabama law, it must and will be denied.

Although the court must deny AIFA's motion for publication, it is sympathetic to the company's plight. The court notes that, in addition to allowing service under state law, the Federal Rules of Civil Procedure provide that a plaintiff may perfect service on a defendant by "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Under this federal rule, "a face to face encounter and an in hand delivery of the papers is not always essential." 4A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1095 (3rd ed. 2002). Indeed, "[i]f the defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it usually is sufficient for the process server to touch the party to be served with the papers and leave them in the

---

    (...continued)
service") (emphasis added).

defendant's presence or, if a touching is impossible, simply leave them in the defendant's physical proximity." Id.; see, e.g., Villanova v. Solow, 1998 WL 643686 at *1 (E.D. Pa. Sept. 18, 1998) (Waldman, J.) (service effective when, following defendant's evasion of service, the process server "announced that he was putting the summons and pleadings through the mail slot in the front door," and did so).

As noted above, there is compelling evidence that Lockwood has intentionally evaded AIFA's diligent efforts to perfect service. Thus, the court may be receptive to future arguments, supported by sworn affidavit, that service has been effected, pursuant to Fed. R. Civ. P. 4(e)(2)(A), by some means other than hand-to-hand transfer of the summons and complaint.

***

For the foregoing reasons, it is ORDERED as follows:

(1) Plaintiff American Indoor Football Association, Inc.'s motion for an extension of time to serve a summons

15

and complaint upon defendant Kelly Lockwood (doc. no. 9) is granted.

    (2) Plaintiff American Indoor Football Association, Inc. shall have until June 21, 2010, to perfect service on defendant Kelly Lockwood.

    (3) Plaintiff American Indoor Football Association, Inc.'s motion to serve defendant Kelly Lockwood by publication (doc. no. 12) is denied.

    DONE, this the 7th day of May, 2010.

                          /s/ Myron H. Thompson
                      UNITED STATES DISTRICT JUDGE